Heerarem BABURAM, Plaintiff,

v.

**FEDERAL EXPRESS CORPORATION,**
**Defendant.**

**15-CV-5122 (FB)**

United States District Court,
E.D. New York.

Signed 07/15/2016

Neil Frank, Patricia Lynne Boland, Frank & Associates, P.C., Farmingdale, NY, for Plaintiff.

Karen Vaughan McManus, P. Daniel Riederer, Terrence O. Reed, Federal Express Corporation, Memphis, TN, Olivia M. Gross, Newman Myers Kreines Gross Harris, P.C., New York, NY, for Defendant.

## MEMORANDUM AND ORDER

ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:

Currently pending before this Court is a motion filed by plaintiff Heerarem Baburam ("plaintiff"), on June 27, 2016, to reopen fact discovery, which closed on June 8, 2016. See Letter Motion for Extension of Time to Complete Discovery (June 27, 2016) ("Pl. Motion"), Electronic Case Filing Docket Entry ("DE") # 23. Defendant Federal Express Corporation ("defendant") objects to reopening discovery, contending that plaintiff "has not stated good cause to modify the [Court's] scheduling order . . . ." Response in Opposition (June 30, 2016) ("Def. Opp.") at 1, DE # 26. This Court agrees and therefore denies plaintiff's motion.

## PROCEDURAL BACKGROUND

Plaintiff originally initiated this action in state court on July 30, 2015, asserting individual and class claims for violations of New York's Labor Law and for unjust enrichment and fraud, as well as an individual claim for retaliatory discharge in violation of New York's Labor Law. See Class Action Complaint, DE # 1-1 at 8-22. Defendant removed the action to this Court on September 2, 2015. See Notice of Removal (Sept. 2, 2015), DE # 1.

After plaintiff amended the complaint to add another retaliation claim, issue was joined, and this Court held an initial conference on December 7, 2016. See Minute Entry (Dec. 7, 2015) ("12/7/15 Minute Entry"), DE # 18; see also Amended Complaint (Sept. 24, 2015), DE # 8; Answer to Amended Complaint (Oct. 8, 2015), DE # 15. At the scheduling conference, the Court, among other things, set May 6, 2016 as the deadline for completing fact discovery. See 12/7/15 Minute Entry. In order to streamline the fact discovery phase, the Court proposed bifurcating fact discovery so as to defer class discovery until later in the pretrial process, to enable the parties to focus on discovery relating to the named plaintiff; that ruling was incorporated into the resulting Minute Entry. See id.[1]

On April 19, 2016, Patricia Boland, one of plaintiff's three attorneys of record, filed a letter requesting, with defendant's consent, that the May 6th discovery deadline be extended until June 6, 2016, and that the settlement conference then scheduled for May 13th be adjourned. See Letter Motion for Extension of Time to Complete Discovery (Apr. 19, 2016) ("4/19/16 Pl. Letter"), DE # 19. Among other things, Ms. Boland explained that the parties would have to travel to Massachusetts for the deposition of plaintiff's supervisor, William White, who was involved in plaintiff's termination; according to Ms. Boland, "I am unable to travel due to being in the late stages of pregnancy, and

---

1. Plaintiff's pending motion erroneously implies that discovery regarding plaintiff's wage and hour claims had been deferred. See Pl. Motion ("Discovery *regarding the termination allegations* of Plaintiff's complaint ended June 8, 2016.") (emphasis added). However, as reflected in the 12/7/15 Minute Entry, the recording of the initial conference, and subsequent orders, see, e.g., Electronic Order (Apr. 19, 2016) ("4/19/16 Electronic Order"), only *class discovery* had been deferred.

will therefore require one of my colleagues to handle the deposition." Id. at 1. The Court granted the motion, ruling that "[n]on-class fact discovery is extended to June 6, 2016[,]" and adjourned the settlement conference to June 16, 2016. See Electronic Order (Apr. 19, 2016) ("4/19/16 Electronic Order").

The Court heard nothing further from the parties prior to the close of non-class fact discovery on June 6, 2016. Counsel and the parties appeared for the Court's settlement conference on June 16, 2016; plaintiff was represented by partner and firm principal Neil M. Frank. See generally Minute Entry (June 16, 2016) ("6/16/16 Minute Entry"); Transcript of Proceedings Held on June 16, 2016 ("Tr."), DE # 27. At the outset of the proceeding, the Court sought to confirm that the parties had completed non-class fact discovery, as per the Court's prior order. See Tr. at 2. Defense counsel replied that defendant had completed its portion of the discovery. See id. In contrast, Mr. Frank stated that "I believe we need to take some additional depositions," id. at 3, citing the fact that "the person that was handling this until last week had a child three days ago," id.— i.e., after the close of non-class fact discovery, see id. at 4. When reminded that no application had been made to further extend discovery, Mr. Frank reversed course, stating "I'm not going to make any application for further discovery." Id.

Following a lengthy discussion about the underlying facts of the case, the Court communicated its settlement recommendation off the record and gave the parties until the following day to either accept or reject that proposal. See id. at 36; 6/16/16 Minute Entry. In response to the Court's inquiry as to whether, absent a settlement, the next stage of the litigation would be non-class discovery or motions practice, Mr. Frank instead announced that "I'm going to make a request for additional discovery," "in the interest of justice[.]" Tr. at 37. The Court advised him to make his request in writing, see id., set a deadline of June 27, 2016, for requests for a premotion conference in anticipation of any

dispositive motion, see id. at 38; 6/16/16 Minute Entry, and deferred class discovery until after dispositive motions practice, see Tr. at 38; 6/16/16 Minute Entry.

The case did not settle and, on June 27, 2016, plaintiff filed his motion to extend (or, more accurately, reopen) discovery for 45 days. See Pl. Motion. As justification for the relief requested, Mr. Frank stated the following:

> The attorney assigned and responsible for the instant case gave birth on June 16, 2016[2]. During the weeks immediately preceding the close of the bifurcated discovery she was—to say the least—out of sorts, and in some distress. As a result, she was unable to review the hundreds of documents received from Defendant . . . .

Id. In addition, plaintiff referenced the need to conduct "four (4) depositions which are critical to Plaintiff's case . . . ." Id.

Defendant filed an opposition to plaintiff's motion to reopen discovery, arguing that plaintiff had not sustained his burden of establishing good cause to modify the Court's scheduling order, as required by Rule 16 of the Federal Rules of Civil Procedure ("FRCP"). See Def. Opp. at 2. According to defendant, of the four witnesses whose depositions plaintiff belatedly seeks to depose, three were identified by plaintiff in his initial disclosures and answers to interrogatories and the fourth was identified in defendant's April 11, 2016 document production. See id. Plaintiff thus "had ample time and opportunity to take the depositions of these four individuals prior to the close of discovery, but was dilatory in his discovery efforts." Id. at 2-3.

## DISCUSSION

 Where, as here, a scheduling order has been entered by the Court pursuant to Rule 16(b) of the FRCP, the court-ordered schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). It is the movant's burden to establish good cause. See Parker v. Columbia

---

2. At the settlement conference on June 16, 2016, Mr. Frank represented that the birth had oc-

curred three days earlier. See Tr. at 3.

Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000); Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co., No. 02 Civ. 1230, 2006 WL 2242596, at *3 (S.D.N.Y. Aug. 3, 2006). "Whether good cause exists turns on the diligence of the moving party." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir.2009) (internal quotations and citations omitted); see Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir.2003) (collecting cases).

■ With respect to a request to extend discovery, the moving party must show why it could not have completed the necessary discovery within the time frame established under the existing scheduling order. See Carlson v. Geneva City Sch. Dist., 277 F.R.D. 90, 95 (W.D.N.Y.2011) (holding that defendants established good cause to extend discovery in order to conduct plaintiff's deposition where defense counsel made sufficient efforts to schedule her deposition prior to the close of discovery); cf. Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 927 (2d Cir.1985) (upholding denial of further discovery where the party "had ample time in which to pursue the discovery that it now claims is essential"). "In other words, an application to reopen discovery should be denied where the moving party 'has not persuaded th[e] Court that it was impossible to complete the discovery by the established deadline.'" Gotlin v. Lederman, No. 04–CV–3736 (ILG) (RLM), 05–CV–1899 (ILG) (RLM), 2007 WL 1429431, at *3 (E.D.N.Y. May 7, 2007) (quoting Gavenda v. Orleans Cnty., No. 95–CV–0251E, 1996 WL 377091, at *1 (W.D.N.Y. June 19, 1996)) (collecting cases), adopted, 2007 WL 2088875 (E.D.N.Y. July 19, 2007); accord Lufthansa Cargo AG v. Total Airport Servs., Inc., No. 12–CV–4869, 2014 WL 5426575, at *3 (E.D.N.Y. Oct. 24, 2014).

■ Judged by these standards, plaintiff's motion to reopen non-class fact discovery cannot succeed. Plaintiff's only excuse for failing to timely complete discovery was the advanced pregnancy of one of the three attorneys of record who were representing plaintiff in this litigation. See Pl. Motion. In an unsworn letter unaccompanied by any medical documentation, Mr. Frank asserts that during "the weeks immediately preced-

ing" the close of discovery, that attorney—presumably referring to Ms. Boland—"was—to say the least—out of sorts, and in some distress." Id. The Court is not prepared to assume, however, in the absence of evidence, that an attorney in her final month of pregnancy is necessarily disabled from performing her professional responsibilities.

In any event, even assuming *arguendo* that, in the weeks immediately preceding the close of discovery, Ms. Boland was unable to handle her litigation responsibilities, her advanced stage of pregnancy was hardly an unexpected circumstance; indeed, in her April 19th request for a one-month extension of discovery—an application that was granted by the Court—Ms. Boland expressly noted that one of her colleagues would have to handle the out-of-town deposition of William White. See 4/19/16 Pl. Letter. Plaintiff's belated request to reopen discovery is silent as to why the four purportedly "critical" depositions could not have been conducted by Mr. Frank or by attorney Lauren Reznick, who appeared at the initial conference on plaintiff's behalf. Nor does plaintiff's pending application address why plaintiff's counsel "made no effort to notice the depositions of these witnesses during the eight months of discovery." Def. Opp. at 2. Simply put, plaintiff "had ample time and opportunity to take the depositions of these four individuals prior to the close of discovery, but was dilatory in his discovery efforts." Id. at 2–3. As plaintiff could have, with diligence, completed discovery within the already-extended time allotted, plaintiff has not shown good cause to reopen discovery.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to reopen discovery is denied.

**SO ORDERED.**